J-S19030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DONTAY RAYSHAW BREWER | |
| Appellant | No. 2437 EDA 2014 |

Appeal from the PCRA Order July 31, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0009340-2009

BEFORE:  STABILE, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 28, 2015**

Dontay Brewer appeals from an order dismissing his petition under the Post Conviction Relief Act, 42 Pa.C.S. § 9651 *et seq*.  Brewer argues that his attorney rendered ineffective assistance by failing to file a timely suppression motion, and that his sentence is unconstitutional under **Alleyne v. United States**, -- U.S. --, 133 S.Ct. 2151 (2013).  We affirm.

Brewer, the head of a significant and sophisticated cocaine trafficking ring in Norristown, Pennsylvania, was charged with corrupt organizations,[1] conspiracy to engage in corrupt organizations,[2] possession with intent to

---

[1] 18 Pa.C.S. § 911.

[2] 18 Pa.C.S. § 903.

deliver controlled substances,[3] criminal use of communications,[4] delivery of controlled substances[5] and possession of drug paraphernalia.[6] Prior to trial, he filed a motion to suppress evidence that police officers seized pursuant to a search warrant at several locations, including 1015 Beech Street in Norristown. Following a hearing on January 21, 2011, the trial court denied the motion to suppress. In the course of its ruling, the trial court stated on the record that the affidavit of probable cause underlying the search warrant provided probable cause to search 1015 Beech Street in Norristown. N.T., 1/21/11, pp. 22-26.

On January 27, 2011, after a five-day trial, a jury found Brewer guilty of multiple counts of corrupt organizations, conspiracy to deliver cocaine, possession with intent to deliver, delivery of controlled substances, criminal use of communications and possession of drug paraphernalia.

On March 7, 2011, the Commonwealth filed a Notice of Intent to Seek Mandatory Sentence pursuant to 18 Pa.C.S. § 7508 on five counts of conviction. On March 28, 2011, the trial court sentenced Brewer to a lengthy term of imprisonment, including five mandatory minimum terms

_____

[3] 35 P.S. § 780-113(a)(30).

[4] 18 Pa.C.S. § 7512.

[5] 35 P.S. § 780-113(a)(30).

[6] 35 P.S. § 780-113(a)(33).

- 2 -

imposed pursuant to section 7508.[7]  Brewer filed a timely direct appeal.  On May 24, 2012, this Court affirmed his judgment of sentence, and on January 13, 2013, the Supreme Court denied his petition for allowance of appeal.

On December 3, 2013, Appellant filed a timely *pro se* PCRA petition. The court appointed the Public Defender to assist Brewer with his petition, and PCRA counsel subsequently filed an amended PCRA petition.  Neither the original nor the amended PCRA petition raised **Alleyne**.[8]  On July 9, 2014, the court issued a notice of intent to dismiss the amended PCRA petition without a hearing.  Brewer did not file a response.  On July 30, 2014, the court dismissed Brewer's amended PCRA petition.  On August 25, 2014,

_____

[7] The trial court sentenced Brewer to (i) 2-10 years' imprisonment for corrupt organizations; (ii) a concurrent term of 2-10 years' imprisonment for conspiracy to commit corrupt organizations; (iii) a consecutive mandatory minimum term of 7-20 years' imprisonment for delivery of cocaine on October 11, 2009; (iv) a concurrent mandatory minimum term of 7-20 years' imprisonment for delivery of a controlled substance on October 19, 2009; (v) a concurrent mandatory minimum term of 5-10 years' imprisonment for possession with intent to deliver on October 25-26, 2009; (vi) a consecutive mandatory minimum term of 7-20 years' imprisonment for possession with intent to deliver on October 26, 2009; (vii) a concurrent mandatory minimum term of 5-10 years' imprisonment for possession with intent to deliver on October 26-27, 2009; (viii) a concurrent term of 5-10 years' imprisonment for conspiracy to violate the Drug Act; and (ix) 5 concurrent terms of 1-7 years' imprisonment for 5 convictions for criminal use of a communications facility.

[8] Brewer's amended PCRA petition claimed that counsel on direct appeal was ineffective for failing to challenge the mandatory minimum sentences imposed on certain counts because there was an insufficient factual basis for finding that Brewer delivered over 100 grams of cocaine.  Amended PCRA Petition, p. 9.  The amended PCRA petition did not claim that any mandatory minimum sentences were unconstitutional under **Alleyne**.

Brewer filed a timely notice of appeal. On September 16, 2014, counsel for Brewer filed a Pa.R.A.P. 1925(b) statement raising *Alleyne* for the first time. The PCRA court issued an opinion reasoning, *inter alia*, that *Alleyne* did not apply retroactively to cases on collateral review.

Brewer raises two issues on appeal in his counseled brief:

1. Did the PCRA court err in dismissing [] Brewer's amended [PCRA] petition without a hearing where trial counsel was ineffective in failing to timely file a meritorious motion to suppress physical evidence seized from 1015 Beech Street?

2. Do each of the five (5) mandatory minimum sentences imposed upon [] Brewer pursuant to [18 Pa.C.S. §] 7508 constitute an illegal sentence pursuant to the United States Supreme Court's decision in *Alleyne* []?

This Court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. *Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa.Super.2014). Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id*.

Brewer's first argument alleges ineffective assistance of trial counsel for failing to file a timely motion to suppress evidence seized from 1015 Beech Street. To obtain relief on a claim of ineffectiveness, a PCRA petitioner must satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Specifically, the

petitioner must establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa.1987). Counsel is presumed effective. *Charleston*, 94 A.3d at 1019. A court need not analyze the elements of an ineffectiveness claim in any particular order of priority; if a claim fails any necessary element of the *Strickland* test, the court may proceed to that element first. *Commonwealth v. Albrecht*, 720 A.2d 693, 701 (Pa.1998). Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. *Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa.2006).

Here, the PCRA court held that Brewer suffered no prejudice from the tardy filing of the motion to suppress evidence seized at 1015 Beech Street, because the trial court not only permitted defense counsel to present argument on this issue despite the motion's tardiness but then resolved this issue on the merits. The trial court stated on the record:

> Now, the warrant for Beech Street, in particular, does set forth two affiants very, very experienced in narcotics investigations, including wiretapping. And the Affidavit describes, in some great detail – 100 pages or so - an ongoing drug delivery criminal enterprise with Mr. Brewer being a central figure in that. That Affidavit also describes various locations in which the drug activity comes forth and is carried on, also describing the use of multiple telephones and multiple vehicle, things not registered in his name;

quite clearly, extensive steps were being taken by him to avoid detection and to keep the operation from being discovered. All this is set forth in the Affidavit. There are numerous controlled buys set forth. There is information from confidential informants and information dictating reliability there. The Affidavit does, furthermore, set forth various intercepted phone calls from the participants, demonstrating the large-scale and ongoing nature of this operation. Clearly the Affidavit establishes probable cause the defendant used Beech Street and multiple houses and apartments to store his drugs and carry out his operations. The Beech Street location is identified later in the development of this case.

The Affidavit sets forth probable cause to believe that this secretive location is yet another storage or stash location for Mr. Brewer to hide his drugs. Yes, I find that the Affidavit does set forth sufficient probable cause to search that location for evidence connected to this crime.

The Affidavit clearly establishes that anywhere that this defendant spent considerable time in the Norristown area was a location used to further the operation, to try to keep it a secret, and tried to keep it camouflaged from police scrutiny and investigations. Now, if you look at the language that Mr. McElroy refers to as just an additional page - that comes in at Page 100 - it talks about recent surveillance showed Mr. Brewer using the outer door. That's a three-story unit with 11 apartments. Intercepted conversations had Mr. Brewer using this to both sleep and take shower. Electronic and physical surveillance out him at that location on several occasions throughout the wiretap. PECO told them that utilities were registered to Mr. Solomon. That's also the person's car that he was driving at the time of his arrest. And the interceptions show that Solomon was an associate of Brewer in this operation. This is consistent with everything he's been doing during the course of his ongoing drug activity.

Furthermore, the Affidavit sets forth complaints from neighbors about loud noises coming early in the morning hours from that apartment, and a neighbor described a heavyset black male as entering and exiting the apartment on infrequent occasions, being consistent with Mr. Brewer, who, when taken into custody, was found to be in possession of cocaine at the time of his arrest, driving that vehicle registered to Solomon, and he had some keys that were brought in and fit the door to the apartment, the way I read the Affidavit.

So, once again, I find that Judge Steven T. O'Neill, Court of Common Pleas of Montgomery County, had substantial basis for finding probable cause and issuing this warrant and I agree with his assessment, even after hearing the arguments of Mr. McElroy and viewing, at a later time - and probably given more time than Judge O'Neill had to review it. The determination of the issuing authority is entitled to great deference; but notwithstanding that, I independently find a sufficient and fundamental basis of probable cause for this warrant to search the Beech Street address. The suppression motions are denied, not only as untimely, but also as lacking merit.

N.T. 1/21/11, pp. 22-26.

Having reviewed the record, we agree with the PCRA court that Brewer fails the prejudice prong of the **Strickland** test, because the trial court decided the suppression issue pertaining to 1015 Beech Street on the merits despite defense counsel's tardy suppression motion. Moreover, we conclude that Brewer's argument lacks arguable merit for the reasons articulated by the trial court in the explanation recited above. N.T., 1/21/11, pp. 22-26.

In his second argument, Brewer contends that his five mandatory minimum sentences are unconstitutional under **Alleyne**. **Alleyne** held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. **Id**., 131 S.Ct. at 2160-61. Brewer argues his sentences are unconstitutional because the trial court imposed these sentences without a jury and under a preponderance of the evidence standard.

Brewer failed to raise **Alleyne** in his original or amended PCRA petition and has raised it for the first time in his present appeal, more than one year after his judgment of sentence became final. This issue is not waived, because challenges to the legality of a sentence cannot be waived. **Commonwealth v. Miller**, 102 A.3d 988, 996 (Pa.Super.2014) (**Alleyne** challenge to legality of sentence is "not technically waivable"). On the other hand, this issue is untimely, because Brewer raised it for the first time more than one year after his judgment of sentence became final. As a result, we lack jurisdiction to review it under the PCRA's statute of limitations, 42 Pa.C.S. § 9545(b).

Section 9545 provides that a petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); **accord Commonwealth v. Bretz**, 830 A.2d 1273, 1275 (Pa.Super.2003). No court has jurisdiction to

hear an untimely PCRA petition. ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa.2003)). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar provide for very limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); ***Monaco***, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking an exception to the PCRA time bar must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In our view, these jurisdictional precepts apply when, as here, (1) the petitioner timely files a PCRA petition, (2) neglects to raise a particular issue (e.g., *Alleyne*) in the PCRA court, but then (3) raises that issue for the first time on appeal, more than one year after his judgment of sentence becomes final. To entertain an issue on appeal under these circumstances would circumvent the strict jurisdictional time limitations embodied in section 9545. *See Commonwealth v. Edmiston*, 851 A.2d 883, 889 (Pa.2004) (citing Pa.R.A.P. 302(a) & *Commonwealth v. Bond*, 819 A.2d 33, 52 (2002)) ("[p]ermitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA")[9].

With these principles in mind, we observe that Brewer's judgment of sentence became final on April 15, 2013, the last day for filing a petition for writ of certiorari in the United States Supreme Court.[10] Thus, Brewer had until April 15, 2014 to raise *Alleyne* in a PCRA petition. Brewer did not raise *Alleyne* until September 16, 2014, following his appeal, when he cited

---

[9] In addition, "the proper vehicle for raising new claims is not on PCRA appeal, but rather in a subsequent PCRA petition." *Edmiston*, 851 A.2d at 889.

[10] The ninetieth day after January 13, 2013, the date our Supreme Court denied Brewer's petition for allowance of appeal, fell on Saturday, April 13, 2013, thus extending the deadline to Monday, April 15, 2013.

*Alleyne* in his Pa.R.A.P. 1925(b) statement. Thus, his attempt to raise *Alleyne* is untimely on its face.

Nor do any of the exceptions in section 9545(b)(i-iii) apply to this case. Brewer suggests in his brief that *Alleyne* applies retroactively under section 9545(b)(iii), because challenges to the illegality of his sentence are never waived. We disagree, based on our analysis of the same issue in *Miller*. *Miller* held that the PCRA court lacked jurisdiction to consider an *Alleyne* argument presented in a second PCRA petition filed five years after the petitioner's judgment of sentence became final, reasoning:

> Subsection (iii) of Section 9545 [(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right 'has been held' by 'that court' to apply retroactively. Thus, a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively. The language 'has been held' is in the past tense. These words mean that the action has already occurred, *i.e.,* 'that court' has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.
>
> …
>
> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final.

- 11 -

This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. ***Commonwealth v. Phillips***, 31 A.3d 317, 320 (Pa.Super.2011), ***appeal denied***, 615 Pa. 784, 42 A.3d 1059 (2012), *citing* ***Tyler v. Cain***, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); ***see also, e.g., Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa.Super.2007) (stating, 'for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[ ]'), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008). Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

…

*We are aware that an issue pertaining to* ***Alleyne*** *goes to the legality of the sentence*. ***See Commonwealth v. Newman***, 99 A.3d 86, 90 (Pa.Super.2014) (*en banc*) (stating, 'a challenge to a sentence premised upon* ***Alleyne*** *likewise implicates the legality of the sentence and cannot be waived on appeal[ ]'). It is generally true that 'this Court is endowed with the ability to consider an issue of illegality of sentence sua sponte.'* ***Commonwealth v. Orellana***, 86 A.3d 877, 883 n. 7 (Pa.Super.2014) (citation omitted). *However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review.* ***See Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 (Pa.Super.2011) (stating, '[a] challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction[ ]') (citation omitted). As this Court recently noted, '[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an*

> *untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.'* [***Commonwealth v.***] ***Seskey**, [86 A.3d 237,] 242 [(Pa.Super.2014)]. As a result, the PCRA court lacked jurisdiction to consider the merits of Appellant's second PCRA petition, as it was untimely filed and no exception was proven…*

***Id***. at 994, 995, 996 (emphasis added; certain citations omitted). ***Miller*** squarely applies to this case. Like the petitioner in ***Miller***, Brewer raised ***Alleyne*** more than one year after his judgment of sentence became final. Moreover, even if ***Alleyne*** announced a new constitutional right, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that this right applies retroactively. Thus, although ***Alleyne*** implicates the legality of Brewer's sentence, we lack jurisdiction to address this issue. ***Miller***, 102 A.3d at 995, 996.

Brewer's ***Alleyne*** argument suffers from an additional jurisdictional defect not present in ***Miller***. Whereas the petitioner in ***Miller*** raised ***Alleyne*** in a PCRA petition within sixty days after ***Alleyne's*** issuance, Brewer did not raise ***Alleyne*** until fifteen months after its issuance. Consequently, Brewer's ***Alleyne*** claim is untimely under the sixty-day deadline in section 9545(b)(2) for filing exceptions to the PCRA's one-year time bar.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/28/2015